UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

April 18, 2018

Tariq Husain
Hussain & Khan LLP
100 Challenger Road, Ste 307
Ridgefield Park, NJ 07660
*Attorney for Plaintiffs*

Paul L. Lasalle
Cleary Giacobbe Alfieri Jacobs, LLC
955 Route 34, Ste 200
Matawan, NJ 07747
*Attorney for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** Naziri v. Union County College
Civil Action No. 17-8768 (SDW)(LDW)

Counsel:

Before this Court is Defendants Union County College ("UCC") and Marsha D. Worrell's ("Worrell") (collectively, "Defendants") Motion to Partially Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendants' Motion to Partially Dismiss the Complaint is **GRANTED.**

### I. BACKGROUND & PROCEDURAL HISTORY

Plaintiff Maryam Naziri ("Mrs. Naziri") is a Muslim woman of Afghani descent residing in Elizabeth, New Jersey. (Compl. ¶ 6, ECF No. 1.) Plaintiff Nisar Naziri ("Mr. Naziri") is a Muslim man of Afghani descent, and is Mrs. Naziri's husband. (*Id.* ¶ 7.) At all relevant times, Mrs. Naziri was a student at UCC, a community college located in Elizabeth, NJ. (*Id.* ¶¶ 6,8.)

---

[1] This Court notes that Defendants should have included a table of contents and a table of authorities in their brief in accordance with Local Civil Rule 7.2(b).

During her Fall 2017 semester at UCC, Mrs. Naziri was enrolled in Worrell's math course. (*Id.* ¶¶ 9, 11.) Mrs. Naziri alleges that she suffered disparaging treatment from Worrell because of her religion and national origin. (*Id.* ¶¶ 12-14, 21.) Specifically, Mrs. Naziri alleges that on September 21, 2017, Worrell "berated and scolded" her in front of the class and refused to allow Mrs. Naziri to take a test that other students were allowed to take. (*Id.* ¶¶ 18-20.) Mrs. Naziri alleges that she visited Dr. Raul M. Sanchez, the Equal Employment Opportunity/Affirmative Action Officer and Title IX Coordinator at UCC to complain. (*Id.* ¶ 21.)

On October 19, 2017, Plaintiffs filed a five-count Complaint alleging: (1) discrimination on the basis of creed in violation of the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 *et seq.* (Count One); (2) national origin discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* (Count Two); (3) denial of substantive due process in violation of the Fourteenth Amendment to the U.S. Constitution (Count Three); (4) defamation as against Worrell (Count Four); and (5) defamation *per se* as against Worrell (Count Five). (*See generally id.*) On January 26, 2018, Defendants moved to dismiss Counts Three, Four, and Five of the Complaint, as well as all of Mr. Naziri's claims. (ECF No. 10.) Plaintiffs submitted their opposition on February 20, 2018, and Defendants replied on February 26, 2018. (ECF Nos. 15, 18.)

## II. LEGAL STANDARD

Rule 8(a)(2) requires a complaint to set forth a "short and plain statement of the claim showing that a pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading standard under Rule 8 requires "more than an unadorned, the defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations[,]" *Twombly*, 550 U.S. at 555, but conclusory or bare-bones allegations will not do. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotation marks omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (discussing the standard for a 12(b)(6) motion to dismiss).

## III. DISCUSSION

As an initial matter, Plaintiffs concede that UCC has taken measures to rectify the alleged discriminatory treatment Mrs. Naziri received, and request dismissal of Count Three without prejudice. (*See* Pls.' Opp'n Br. at 2, ECF No. 15.) Accordingly, Count Three is dismissed.

Plaintiffs also seek to hold Defendants liable for defamation and defamation *per se*. Defamation claims filed against public entities or public employees must be brought in compliance with the New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. § 59:1-1 *et seq.*, which requires the plaintiff to submit a notice of claim to the public entity within ninety days of the claim accruing. *See Cruz v. New Jersey*, No. 16-0703, 2016 WL 1337276, at *2-3 (D.N.J. Apr. 4, 2016); *Panarello v. City of Vineland*, 160 F. Supp. 3d 734, 745 (D.N.J. 2016) (citing N.J. Stat. Ann. § 59:8-8a). The notice must state "[t]he date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted" and provide "[a] general description of the injury, damage or loss incurred so far as it may be known at the time of presentation of the claim." N.J. Stat. Ann. §§ 59:8-4c, -4d. Failure to provide notice under the NJTCA effectively waives the claim. N.J. Stat. Ann. § 59:8-8a; *see also Velez v. City of Jersey City*, 850 A.2d 1238 (N.J. 2004).

Here, Plaintiffs concede that they did not submit a notice of claim to UCC.[2] Notwithstanding their concession, Plaintiffs now argue that a notice of claim is not required under N.J. Stat. Ann § 59:4-2 because Worrell was acting outside the scope of her employment when she allegedly defamed Mrs. Naziri.[3] (*See* Pls.' Opp'n Br. at 3-5.) However, Plaintiffs pled the opposite in their Complaint, which stated that "[a]t all times relevant, Defendant Worrell was acting in her capacity as an employee of [UCC]." (Compl. ¶ 30.) Moreover, Plaintiffs' argument that notice is not required is without merit as nothing within the language of the NJTCA, or any relevant case law, supports it. The NJTCA holds unequivocally that "[n]o action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this [act]." N.J. Stat. Ann. § 59:8-3. Since Plaintiffs have not submitted a notice of claim in accordance with the NJTCA's requirement, their tort claims of defamation and defamation *per se* are waived. Therefore, Counts Four and Five of the Complaint are dismissed.

Additionally, it is important to note that the Complaint does not contain any factual allegations to support any other cause of action by Mr. Naziri against Defendants. Thus, all counts alleged by Mr. Naziri are dismissed.

## IV.     CONCLUSION

For the reasons set forth above, Defendants' Motion to Partially Dismiss Counts Three, Four, and Five, as well as all of Mr. Naziri's claims, is **GRANTED**. An appropriate order follows.

                        /s/ Susan D. Wigenton
                      **SUSAN D. WIGENTON, U.S.D.J.**

Orig:     Clerk
cc:        Leda D. Wettre, U.S.M.J.
              Parties

---

[2] Plaintiffs' claims accrued, at the latest, on September 21, 2017. (*See* Compl. ¶¶ 18-24.)
[3] This Court notes that § 59:4-2 relates to a pubic entity's liability for dangerous conditions of its public property, and is therefore not applicable to this case. *See* N.J. Stat. Ann § 59:4-2.